## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

DELOVENA JACKS as Personal
Representative of the Estate of
Stanley Jacks, deceased, and
DELOVENA JACKS, individually,

       Case No.: _____

     Plaintiffs,

v.

ZOLL MEDICAL CORPORATION,
ZOLL MANUFACTURING
CORPORATION, ZOLL LIFECOR
CORPORATION, ZOLL LIFEVEST
HOLDINGS, LLC, and ZOLL
SERVICES, LLC,

     Defendants.

---

## COMPLAINT

---

**COME NOW** Plaintiffs Delovena Jacks, in her capacity as Personal Representative of the Estate of Stanley Jacks, deceased, and Delovena Jacks, individually, to sue Defendants ZOLL Medical Corporation, ZOLL Manufacturing Corporation, ZOLL Lifecor Corporation, ZOLL LifeVest Holdings, LLC, and ZOLL Services, LLC, for the claims stated herein. In support thereof, Plaintiffs state:

## SUMMARY OF THE ACTION

1.      Plaintiffs bring this civil action pursuant to the Florida Wrongful Death Act and Florida common law to recover for the injuries and wrongful death caused to Stanley Jacks by a defective and unreasonably dangerous ZOLL LifeVest wearable defibrillator (the "subject LifeVest").

2.      Specifically, the subject LifeVest suffered from a manufacturing defect that caused the subject LifeVest to fail to deliver life-saving defibrillation treatment to Stanley Jacks when he needed it.

3.      Plaintiffs sue each of the Defendants for their respective roles in manufacturing, producing, assembling, and distributing the defective subject LifeVest.

## THE PARTIES, JURISDICTION & VENUE

4.      At the time of filing this Complaint, Delovena Jacks is a Florida citizen, resident, and domiciliary.

5.      At all times material hereto, Delovena Jacks and Stanley Jacks were legally married as husband and wife.

6.      On January 27, 2019, Stanley Jacks died at his home in Tallahassee, Florida. At the time of his death, Mr. Jacks was a Florida citizen, resident, and domiciliary.

7.      Delovena Jacks has been appointed Personal Representative of the

Estate of Stanley Jacks.

8.      In this Complaint, Plaintiff Delovena Jacks as Personal Representative of the Estate of Stanley Jacks shall be referred to as the "Personal Representative."

9.      In this Complaint, Plaintiff Delovena Jacks individually shall be referred to as "Mrs. Jacks."

10.      All potential beneficiaries of a recovery for wrongful death and their relationship to the deceased are identified as follows:

   a.   The Estate of Stanley Jacks c/o the Personal Representative, and

   b.   Mrs. Jacks, surviving legal spouse of Stanley Jacks.

11.      At the time of filing this Complaint, ZOLL Medical Corporation is a Massachusetts corporation with its principal place of business located in Massachusetts.

12.      At the time of filing this Complaint, ZOLL Manufacturing Corporation is a Nevada corporation with its principal place of business located in Pennsylvania.

13.      At the time of filing this Complaint, ZOLL Lifecor Corporation is a Delaware corporation with its principal place of business located in Pennsylvania.

14.      At the time of filing this Complaint, ZOLL LifeVest Holdings, LLC is a Nevada limited liability company. The sole member of ZOLL LifeVest Holdings, LLC is Jason T. Whiting, who is a Pennsylvania citizen, resident, and domiciliary.

15.     At the time of filing this Complaint, ZOLL Services, LLC is a Nevada limited liability company. The sole member of ZOLL Services, LLC is Sean M. Rollman, who is a Pennsylvania citizen, resident, and domiciliary.

16.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because Plaintiffs are citizens of a state of which no Defendant is a citizen and the amount in controversy exceeds $75,000.

17.     This Court is authorized to exercise personal jurisdiction over ZOLL Medical Corporation pursuant to the Florida Long-Arm Statute, Fla. Stat. §§ 48.193(1)(a)(1), (1)(a)(2), and (1)(a)(6), because the causes of action stated herein arise out of ZOLL Medical Corporation:

    a.  Operating, conducting, engaging in, or carrying on a business or business venture in Florida or having an office or agency in Florida;

    b.  Committing a tortious act within Florida; or

    c.  Causing injury to persons or property within Florida arising out of an act or omission committed outside Florida where, at or about the time of the injury, either (i) ZOLL Medical Corporation was engaged in solicitation or service activities within Florida, or (ii) products, materials, or things processed, serviced, or manufactured by ZOLL Medical Corporation anywhere were used or consumed in Florida in the ordinary course of commerce, trade, or use.

18.     This Court is authorized to exercise personal jurisdiction over ZOLL Medical Corporation pursuant to the Florida Long-Arm Statute, Fla. Stat. § 48.193(2), because ZOLL Medical Corporation is engaged in substantial and

non-isolated activity within Florida.

19.    This Court is authorized to exercise personal jurisdiction over ZOLL Manufacturing Corporation pursuant to the Florida Long-Arm Statute, Fla. Stat. §§ 48.193(1)(a)(1), (1)(a)(2), and (1)(a)(6), because the causes of action stated herein arise out of ZOLL Manufacturing Corporation:

> a.    Operating, conducting, engaging in, or carrying on a business or business venture in Florida or having an office or agency in Florida;
>
> b.    Committing a tortious act within Florida; or
>
> c.    Causing injury to persons or property within Florida arising out of an act or omission committed outside Florida where, at or about the time of the injury, either (i) ZOLL Manufacturing Corporation was engaged in solicitation or service activities within Florida, or (ii) products, materials, or things processed, serviced, or manufactured by ZOLL Manufacturing Corporation anywhere were used or consumed in Florida in the ordinary course of commerce, trade, or use.

20.    This Court is authorized to exercise personal jurisdiction over ZOLL Manufacturing Corporation pursuant to the Florida Long-Arm Statute, Fla. Stat. § 48.193(2), because ZOLL Manufacturing Corporation is engaged in substantial and non-isolated activity within Florida.

21.    This Court is authorized to exercise personal jurisdiction over ZOLL Lifecor Corporation pursuant to the Florida Long-Arm Statute, Fla. Stat. §§ 48.193(1)(a)(1), (1)(a)(2), and (1)(a)(6), because the causes of action stated herein arise out of ZOLL Lifecor Corporation:

a. Operating, conducting, engaging in, or carrying on a business or business venture in Florida or having an office or agency in Florida;

b. Committing a tortious act within Florida; or

c. Causing injury to persons or property within Florida arising out of an act or omission committed outside Florida where, at or about the time of the injury, either (i) ZOLL Lifecor Corporation was engaged in solicitation or service activities within Florida, or (ii) products, materials, or things processed, serviced, or manufactured by ZOLL Lifecor Corporation anywhere were used or consumed in Florida in the ordinary course of commerce, trade, or use.

22.     This Court is authorized to exercise personal jurisdiction over ZOLL Lifecor Corporation pursuant to the Florida Long-Arm Statute, Fla. Stat. § 48.193(2), because ZOLL Lifecor Corporation is engaged in substantial and non-isolated activity within Florida.

23.     This Court is authorized to exercise personal jurisdiction over ZOLL LifeVest Holdings, LLC pursuant to the Florida Long-Arm Statute, Fla. Stat. §§ 48.193(1)(a)(1), (1)(a)(2), and (1)(a)(6), because the causes of action stated herein arise out of ZOLL LifeVest Holdings, LLC:

a. Operating, conducting, engaging in, or carrying on a business or business venture in Florida or having an office or agency in Florida;

b. Committing a tortious act within Florida; or

c. Causing injury to persons or property within Florida arising out of an act or omission committed outside Florida where, at or about the time of the injury, either (i) ZOLL LifeVest Holdings,

LLC was engaged in solicitation or service activities within Florida, or (ii) products, materials, or things processed, serviced, or manufactured by ZOLL LifeVest Holdings, LLC anywhere were used or consumed in Florida in the ordinary course of commerce, trade, or use.

24.     This Court is authorized to exercise personal jurisdiction over ZOLL LifeVest Holdings, LLC pursuant to the Florida Long-Arm Statute, Fla. Stat. § 48.193(2), because ZOLL LifeVest Holdings, LLC is engaged in substantial and non-isolated activity within Florida.

25.     This Court is authorized to exercise personal jurisdiction over ZOLL Services, LLC pursuant to the Florida Long-Arm Statute, Fla. Stat. §§ 48.193(1)(a)(1), (1)(a)(2), and (1)(a)(6), because the causes of action stated herein arise out of ZOLL Services, LLC:

  a. Operating, conducting, engaging in, or carrying on a business or business venture in Florida or having an office or agency in Florida;

  b. Committing a tortious act within Florida; or

  c. Causing injury to persons or property within Florida arising out of an act or omission committed outside Florida where, at or about the time of the injury, either (i) ZOLL Services, LLC was engaged in solicitation or service activities within Florida, or (ii) products, materials, or things processed, serviced, or manufactured by ZOLL Services, LLC anywhere were used or consumed in Florida in the ordinary course of commerce, trade, or use.

26.     This Court is authorized to exercise personal jurisdiction over ZOLL Services, LLC pursuant to the Florida Long-Arm Statute, Fla. Stat. § 48.193(2),

because ZOLL Services, LLC is engaged in substantial and non-isolated activity within Florida.

27.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) and Local Rule 3.1(B) because a substantial part of the events or omissions giving rise to the claims stated herein occurred in Leon County, Florida.

## FACTS

28.     At all times material hereto, Delovena Jacks ("Mrs. Jacks") is the wife and spouse of Stanley Jacks ("Mr. Jacks").

29.     ZOLL Medical Corporation, ZOLL Manufacturing Corporation, ZOLL Lifecor Corporation, ZOLL LifeVest Holdings, LLC, and ZOLL Services, LLC (collectively, "ZOLL"), are in the business of designing, manufacturing, assembling, marketing, supplying, distributing, repairing, maintaining, and servicing a wide range of medical devices, including wearable cardioverter defibrillators like the LifeVest®.

30.     The LifeVest is designed to protect patients at risk of sudden cardiac death. A patient prescribed to use a LifeVest wears the LifeVest on his body. The LifeVest monitors the patient's heart continuously through a set of electrodes. If the patient's heart goes into a life-threatening rhythm, the LifeVest is designed to detect this abnormal rhythm and deliver an electrical shock treatment to restore the patient's heart to a normal rhythm.

31.    Prior to delivering a life-saving shock, the LifeVest is designed to sound an alarm to verify that the patient is nonresponsive. If the patient is conscious, the patient has time to respond to the alarms by pressing two buttons to stop the treatment sequence. If the patient does not respond, the LifeVest warns bystanders that a shock is about to be delivered to the patient and to stand back. If the patient's abnormal heart rhythm continues without the patient responding, the LifeVest is designed to deliver an electrical shock treatment to the patient through the electrodes.

32.    After a shock, if the patient's heartbeat returns to normal, the alarms stop and the LifeVest returns to its normal monitoring mode. However, if the patient's heartbeat does not return to normal, the LifeVest is designed to repeat the treatment cycle. The LifeVest can be programmed to repeat the treatment cycle up to five times, delivering up to five separate shocks.

33.    Mr. Jacks was prescribed the subject LifeVest to treat an underlying heart condition that can cause an abnormal heart rhythm and result in sudden cardiac death.

34.    On January 27, 2019, Mr. Jacks was wearing the subject LifeVest, which he relied on to provide life-saving shock treatment in the event he experienced an abnormal heart rhythm.

35.    In the morning of January 27, 2019, Mr. Jacks experienced an

abnormal heart rhythm requiring shock treatment.

36.     Unfortunately, the subject LifeVest failed to operate as designed by not administering any shock treatments to Mr. Jacks.

37.     Further, the subject LifeVest failed to operate as designed by not sounding an alarm upon detecting Mr. Jacks' abnormal heart rhythm.

38.     Mr. Jacks ultimately perished a few hours later.

39.     Following Mr. Jacks' death, ZOLL immediately retrieved the subject LifeVest for examination. ZOLL has since repaired the subject LifeVest and distributed the subject LifeVest to another patient, who continues to wear, use, and rely on the subject LifeVest to this day.

40.     The subject LifeVest's failure to detect and treat Mr. Jacks' abnormal heart rhythm on January 27, 2019 was the result of defects in the subject LifeVest's manufacture, production, assembly, and distribution.

41.     The subject LifeVest's defective condition rendered the subject LifeVest unreasonably dangerous for its designed, intended, and anticipated uses.

42.     The subject LifeVest's defective and unreasonably dangerous condition existed at the time the subject LifeVest left ZOLL's final possession, custody, and control.

43.     The subject LifeVest's defective and unreasonably dangerous condition actually and proximately caused injury, damage, and death to Mr. Jacks.

44.    By virtue of her status as Mr. Jacks' wife, the subject LifeVest's defective and unreasonably dangerous condition actually and proximately caused injury and damage to Mrs. Jacks as well.

## CONDITIONS PRECEDENT

45.    All conditions precedent have been satisfied or excused.

## COUNT I—STRICT LIABILITY
### (Personal Representative v. ZOLL)

46.    The Personal Representative re-alleges and incorporates Paragraphs 1 through 45 of this Complaint as if fully stated herein.

47.    ZOLL is responsible for designing, manufacturing, producing, assembling, supplying, distributing, repairing, refurbishing, maintaining, and servicing the subject LifeVest.

48.    The subject LifeVest is defective in its manufacture, production, assembly, and distribution.

49.    The subject LifeVest's defective condition rendered the subject LifeVest unreasonably dangerous for its designed, intended, and anticipated uses.

50.    The subject LifeVest's defective and unreasonably dangerous condition existed at the time the subject LifeVest left ZOLL's final possession, custody, and control.

51.    The subject LifeVest's defective, unsafe, and unreasonably dangerous condition actually and proximately caused injury, damage, and death to Mr. Jacks.

**WHEREFORE**, Plaintiff Delovena Jacks, as Personal Representative of the Estate of Stanley Jacks, deceased, demands judgment against Defendants ZOLL Medical Corporation, ZOLL Manufacturing Corporation, ZOLL Lifecor Corporation, ZOLL LifeVest Holdings, LLC, and ZOLL Services, LLC for all injuries and damages recoverable under the Florida Wrongful Death Act and for any and all such further relief available under Florida law, including economic damages, non-economic damages, punitive damages, pre-judgment interest, post-judgment interest, and costs.

## COUNT II—NEGLIGENCE
### (Personal Representative v. ZOLL)

52.     The Personal Representative re-alleges and incorporates Paragraphs 1 through 45 of this Complaint as if fully stated herein.

53.     ZOLL is responsible for designing, manufacturing, producing, assembling, supplying, distributing, repairing, refurbishing, maintaining, and servicing the subject LifeVest.

54.     The subject LifeVest is defective in its manufacture, production, assembly, and distribution.

55.     The subject LifeVest's defective condition rendered the subject LifeVest unreasonably dangerous for its designed, intended, and anticipated uses.

56.     The subject LifeVest's defective and unreasonably dangerous condition existed at the time the subject LifeVest left ZOLL's final possession,

custody, and control.

57.     ZOLL owed a duty to properly manufacture, produce, assemble, and distribute the subject LifeVest so as not to be in a defective and unreasonably dangerous condition.

58.     ZOLL owed a duty to adequately test, inspect, maintain, repair, refurbish, service, and assure the quality of the subject LifeVest before distributing the subject LifeVest for consumer use.

59.     ZOLL owed a duty to adequately test, inspect, maintain, repair, refurbish, service, and assure the quality of the subject LifeVest before the subject LifeVest reached Mr. Jacks.

60.     ZOLL breached the above duties.

61.     ZOLL's breaches of the above duties actually and proximately caused injury, damage, and death to Mr. Jacks.

**WHEREFORE**, Plaintiff Delovena Jacks, as Personal Representative of the Estate of Stanley Jacks, deceased, demands judgment against Defendants ZOLL Medical Corporation, ZOLL Manufacturing Corporation, ZOLL Lifecor Corporation, ZOLL LifeVest Holdings, LLC, and ZOLL Services, LLC for all injuries and damages recoverable under the Florida Wrongful Death Act and for any and all such further relief available under Florida law, including economic damages,

non-economic damages, punitive damages, pre-judgment interest, post-judgment interest, and costs.

## COUNT III—LOSS OF CONSORTIUM
### (Mrs. Jacks v. ZOLL)

62.     Mrs. Jacks re-alleges and incorporates Paragraphs 1 through 45 of this Complaint as if fully stated herein.

63.     At all times material hereto, Mrs. Jacks and Mr. Jacks were married as husband and wife.

64.     ZOLL is legally responsible for Mr. Jacks' wrongful death.

65.     Due to ZOLL's liability-producing misconduct that caused Mr. Jacks' wrongful death, Mrs. Jacks lost the companionship, fellowship, company, cooperation, aid, love, affection, intimacy, sexual relationship, comfort, emotional support, solace, and society entitled to her because of her marriage to Mr. Jacks.

66.     Due to ZOLL's liability-producing misconduct that caused Mr. Jacks' wrongful death, Mrs. Jacks has suffered and will continue to suffer mental anguish and emotional distress.

67.     The aforementioned injuries and damages to Mrs. Jacks were actually and proximately caused by the subject LifeVest's defective condition and ZOLL's wrongful and negligent acts and omissions.

**WHEREFORE**, Plaintiff Delovena Jacks, individually, demands judgment against Defendants, ZOLL Medical Corporation, ZOLL Manufacturing

Corporation, ZOLL Lifecor Corporation, ZOLL LifeVest Holdings, LLC, and ZOLL Services, LLC, for all injuries and damages to which she is entitled under Florida law, including economic damages, non-economic damages, punitive damages, pre-judgment interest, post-judgment interest, and costs.

## DEMAND FOR JURY TRIAL

Plaintiffs Delovena Jacks, in her capacity as Personal Representative of the Estate of Stanley Jacks, deceased, and Delovena Jacks, individually, hereby demand a trial by jury on all issues so triable.

Dated: January 12, 2021      /s/ *Steven E. Nauman*
                              **STEVEN E. NAUMAN, ESQ.**
                              Florida Bar No.: 106126
                              **Morgan & Morgan, P.A.**
                              20 North Orange Avenue, Suite 1500
                              Orlando, FL 32801
                              Telephone: (407) 244-3962
                              Email: snauman@forthepeople.com
                              Secondary Email: mhoilett@forthepeople.com
                              *Counsel for Plaintiff*